IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Nos. 3:18-CR-61-HBG |
| | ) | 3:18-PO-53-HBG |
| | ) | |
| JOHN WILLIAM HANSON, III, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Defendant Hanson has consented [Doc. 8] to the undersigned presiding over his misdemeanor case, Case No. 3:18-CR-61. Additionally, the Court previously granted [Doc. 11] the Defendant's request to have his petty offense violations in Case No. 3:18-PO-53 tried at the same time as his misdemeanor case. The parties came before the Court on August 6, 2018, for a pretrial conference and motion hearing on the Defendant's pending motions,[1] including the Motion to Continue Trial Date [Doc. 14].[2] Assistant United States Attorney LaToyia T. Carpenter appeared on behalf of the Government. Attorney Mark E. Brown represented the Defendant. Defendant Hanson did not attend the hearing.

Defendant Hanson asks the Court to continue his August 13, 2018 trial date in order to give the Court time to rule on his pending dispositive motions and to give counsel time to prepare for trial. The motion relates that the Defendant understands that all time from the filing of the

---

[1] The Court took the Defendant's other pending motions under advisement and will rule on them separately.

[2] Defendant also filed a Motion to Continue the Trial Date [Doc. 4] in case number 3:18-PO-53.

motions through up to thirty days after the motion hearing is excludable time under the Speedy Trial Act.

At the August 6 motion hearing, Mr. Brown stated that he could use additional time to review the discovery in this case, which is contained on seven disks, and to prepare for trial. AUSA Carpenter stated that although the Government can be ready for trial on August 13, it does not oppose a brief continuance. The parties agreed on a new trial date of September 24, 2018.

The Court finds the Defendant's motion to continue the trial to be well-taken and unopposed and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). On July 17, 2018, Defendant Hanson filed an Amended Motion to Dismiss [Doc. 12] and an Amended Motion to Suppress [Doc. 13]. The Government responded [Docs. 17 & 18] to these motions on August 2, 2018. The Court heard evidence and argument on these motions on August 6, 2018. The Court finds the time during which these motions were pending prior to the August 6 motion hearing to be excludable time under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D). Additionally, the Act excludes a reasonable time, not to exceed thirty days, during which the Court has the motions under advisement. 18 U.S.C. § 3161(h)(1)(H).

Mr. Brown has also requested additional time to review the discovery in this case and to prepare for trial. Mr. Brown was substituted and appointed [Doc. 11] to represent Defendant Hanson in both of his pending cases on June 26, 2018. Between the time of his appointment and the August 6 motion hearing, Mr. Brown researched and filed motions on the Defendant's behalf and prepared for the hearing on those motions. The Court finds that allowing defense counsel seven additional weeks to prepare for trial furthers the ends of justice. Accordingly, the Court finds that the failure to grant the requested continuance would deprive defense counsel of the

reasonable time necessary to prepare effectively for trial, even taking into account counsel's acting with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

The Defendant's motion [**Doc. 14**] to continue the August 13 trial is **GRANTED**. The Defendant's motion to continue the trial of his petty offense violations [**Case No. 3:18-PO-53, Doc. 4**] is also **GRANTED**. The trial of these cases is reset to **September 24, 2018**. The Court also finds that all the time between the filing of the motion to continue on **July 17, 2018**, and the new trial date of **September 24, 2018**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). With regard to other scheduling in this case, Defendant must notify the Court whether he is requesting a jury on or before **September 10, 2018**. **September 10, 2018**, is also the deadline for filing motions *in limine* and providing reciprocal discovery. Special requests for jury instructions must be submitted to the undersigned no later than **September 14**, **2018**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Defendant's Motions to Continue Trial Date [**Case No. 3:18-CR-61, Doc. 14; Case No. 3:18-PO-53, Doc.4**] are **GRANTED**;

(2) The trial of this matter is reset to commence on **September 24, 2018**, **at 9:00 a.m.**, before the undersigned United States Magistrate Judge;

(3) All time between the filing of the Defendant's motion to continue on **July 17, 2018**, and the new trial date of **September 24, 2018**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The Defendant is **DIRECTED** to notify the Court of whether he is requesting a jury on or before **September 10, 2018**. This date is also the deadline for filing motions *in limine* and providing reciprocal discovery; and

3

(5) Special requests for jury instructions shall be submitted to the undersigned no later than **September 14, 2018**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge