UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:18-CR-61-HBG |
| | ) | 3:18-PO-53-HBG |
| JOHN WILLIAM HANSON, III, | ) | |
| Defendant. | ) | |

**PRETRIAL ORDER**

This action came before the Court on September 17, 2018, for a pretrial conference and motion hearing. Assistant United States Attorneys LaToyia T. Carpenter and Cynthia F. Davidson appeared on behalf of the Government. Attorney Mark E. Brown represented Defendant John William Hanson, III. The Defendant was not present. The following actions were taken.

**I.**

The Defendant filed a Motion in Limine [Doc. 26], asking the Court to order the exclusion of nine prior arrests and two incidents that occurred at the University of Tennessee Medical Center ("UT hospital") in February 2018. The Defendant argues that these acts are inadmissible as propensity evidence, prohibited by Federal Rule of Evidence 404(b). The Government responded [Doc. 30] that it will use only one[1] of the listed items at the trial of this

---

[1] The Government states that it will not seek to introduce evidence of the other ten items listed in Defendant Hanson's motion, "unless the defendant testifies or elicits testimony that makes said evidence relevant and admissible based on the exceptions provided in the Federal Rules of Evidence." [Doc. 30, p.1] If the Government decides at trial to introduce evidence of one of the other listed items in the Motion in Limine, it must *first* alert the Court and defense counsel of its

1

case: An incident at UT hospital on February 3, 2018, when Defendant Hanson removed his handcuffs with a handcuff key ("the handcuff key incident"). The Government argues that this evidence is relevant and admissible as proof of the Defendant's intent, preparation, and plan to hinder law enforcement officers from performing their official duty. Based upon the filings and the arguments of counsel, the Court finds that the February 3 incident at UT hospital is admissible at trial.

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Rule 404(b)(2) provides that evidence of other crimes or acts may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." The Government contends, first, that the handcuff key incident is not "other acts" evidence, because it is part of the Defendant's ongoing crime of interfering with an officer in the performance of the officer's official duties. Alternatively, the Government contends that, if the Court finds that the handcuff key incident comes within Rule 404(b)(1), it is still admissible as evidence of the Defendant's intent, preparation, and plan to hinder law enforcement.

The Defendant argues that the handcuff key incident is not a part of an ongoing crime of resisting arrest, because the Defendant had already been arrested at the time it occurred. Moreover, he asserts that it cannot be evidence of his intent, plan, or preparation for a crime that has already occurred. He contends that if the Court permits the jury to hear evidence of the handcuff key incident, the jurors will be confused, because the Defendant is not charged with escape. Additionally, he argues that the incident could cause the jurors to conclude that he was

---

intention outside of the presence of the jury.

trying to get away from the officers at the hospital, because he knew he was guilty. He contends that given the misdemeanor charge of resisting arrest, the jury can only use this evidence as propensity evidence.

The Court questions whether the evidence of the handcuff key incident would be admissible as evidence of the offense charged in Count One. With regard to violations of 18 U.S.C. § 111(a), our appellate court has held that "a single act of assault against multiple officers constitutes one offense[.]" *United States v. Hood*, 210 F.3d 660, 663 (6th Cir. 2000). However, multiple acts against a single or multiple officers may constitute multiple offenses. *Id.*; *United States v. Perry*, 401 F. App'x 56, 62 n.5 (6th Cir. 2010) (noting that "the government would have been on more solid ground" in charging the defendant for multiple assaults arising out of a prison fight between three guards and three inmates). "In differentiating whether an attack against multiple officials is a single assault or multiple assaults, federal courts have inquired whether officers were injured by 'distinct successive criminal episodes, rather than two phases of a single assault.'" *Hood*, 210 F.3d at 663 (quoting *United States v. Segien*, 114 F.3d 1014, 1022 (10th Cir. 1997)). In *Hood*, the defendant confronted two postal inspectors on her front porch, while holding a steak knife. *Id.* at 661-62. The court observed that the incident constituted "one assaultive event," because the defendant did not lunge at either officer, did not make "any aggressive or threatening statements toward either" officer, and did not show "any separate acts that could plausibly imply two 'distinct successive criminal episodes.'" *Id.* at 663.

In the instant case, Count One charges the Defendant with "knowingly, consciously, and voluntarily act[ing] to forcibly resist, oppose, impede and interfere with a federal officer, in the performance of the officer's duties," on February 3, 2018. The probable cause

3

statements[2] in the violation notices provide the following information: At the falls, the Defendant allegedly grabbed his backpack and began walking away, after Ranger Kwiatkowski told him to leave his backpack alone and while the Ranger was attempting to investigate the Defendant's unrestrained dogs and fire. Ranger Kwiatkowski pushed the Defendant to the ground and took away his backpack. Subsequently, as Rangers Kwiatkowski and Jones followed the Defendant down the trail, they seized the Defendant's arms to arrest him. The Defendant allegedly struggled with the rangers for thirty seconds and then broke free from their grasp and ran toward the parking lot. Once the Rangers caught up to the Defendant, some three minutes later, he allegedly refused to comply with their request to put his hands behind his back, while they physically held him down, stunned him with a TAZER multiple times, and wrestled him into handcuffs.[3] With regard to the handcuff key incident, the Government contends [Doc. 30, p.2] that the Defendant was handcuffed to a bed at UT hospital approximately one hour after his arrest and that, as the rangers guarded him, the Defendant used a handcuff key to remove his handcuffs several times. Although the

---

[2] The Government filed copies of six violation notices, charging Defendant Hanson with the following petty offenses, occurring on February 3, 2018: Pet in a Closed Area (TE41 7332759), Unrestrained Pet (TE41 7332760), Fire in a Closed Area (TE41 7332761), Interfering with Agency Functions—Lawful Order (TE41 7332763), Interfering with Agency Function—Providing False Information (TE41 7332764), and Possession of a Controlled Substance (TE41 7332765). Although the Court examines these probable cause statements for an overview of the events surrounding the Defendant's arrest, the probable cause statements are law enforcement's allegations of what occurred. Accordingly, the Court makes no factual findings based upon these allegations.

[3] The Court observes that the parties have not raised the issue of whether Count One is duplicitous, i.e. that it charges two or more offenses in a single count. The danger of a duplicitous count "'is that a jury may find a defendant guilty on the count without having reached a unanimous verdict on the commission of any particular offense.'" *Hood*, 210 F.3d 660, 662-63 (quoting *United States v. Robinson,* 651 F.2d 1188, 1194 (6th Cir. 1981)). However, a duplicitous count may be remedied by particularizing the specific offense charged in the jury instructions, thereby assuring that the jury considers the same criminal episode with regard to the charge. *Id.* at 663.

handcuff key incident occurred on the same day as the arrest of the Defendant and while the rangers were engaged in guarding the Defendant, who was in their custody, the Court finds that the handcuff key incident is separate in location and time and potentially involves other rangers than those involved in apprehending the Defendant in the park. Thus, the Court finds that the handcuff key incident would constitute a separate and succesive episode, rather than evidence of the crime alleged in Count One.

However, the Court finds that evidence of the handcuff key incident may be properly admitted under Rule 404(b)(2), as evidence of the Defendant's intent at the time of his arrest. In determining whether 404(b) evidence is admissible, the Court must make a three-part inquiry: (1) whether the other crime, wrong, or act occurred, (2) whether the evidence in question is relevant to a material issue other than character, and (3) whether the danger of unfair prejudice from the admission of the evidence substantially outweighs its probative value. *See United States v. Johnson*, 27 F.3d 1186, 1190 (6th Cir. 1994). In the instant case, the Defendant does not contest whether the handcuff key incident occurred on February 3, 2018, for purposes of his motion *in limine*.[4]

Second, the Court finds that the handcuff key incident is relevant to the Defendant's intent. The Government is required to prove that the Defendant acted knowingly and intentionally to resist or impede a federal officer in the performance of the officer's duties. *United States v. Hopper*, 436 F. App'x 414, 424 (6th Cir. 2011) (holding that to convict under 18 U.S.C. § 111(a)(1), the government must "prove that the defendant acted knowingly and intentionally in committing acts that constituted assaulting, impeding, intimidating, or interfering with a person,

---

[4] The Defendant has not stipulated to this incident, and the Government is still required to present proof of this incident at trial.

and that person was in fact a federal employee who was engaged in his or her official duties at the time of the offense"). Based upon the proposed jury instructions submitted by Defendant Hanson, he will seek to prove that he acted in self-defense or that his actions were justified. The Defendant's possession of and subsequent use or attempted use of a handcuff key, after his arrest, is relevant to his intent immediately before his arrest. *See United States v. Street*, 66 F.3d 969, 976 (8th Cir. 1995) (holding that defendant's *subsequent* confrontation of state wildlife conservation agent was relevant to defendant's intent under Fed. R. Evid. 404(b), when defendant confronted and threatened Army Corps of Engineers park rangers in violation of 18 U.S.C. § 111(a), immediately before the wildlife conservation agent arrived).

Finally, the Court finds that the admission of evidence of the handcuff key incident will not unfairly prejudice the Defendant. The Court finds the evidence of the handcuff key is particularly probative of the Defendant's intent, given the Defendant's intended defenses. *See Johnson*, 27 F.3d at 1192 (observing that other acts evidence may be introduced, when the defense raised by the defendant requires the government to prove the defendant acted with a certain intent). The Court also finds that the probative value of the evidence is not substantially outweighed by its prejudicial effect. Fed. Rule Evid. 403. Moreover, the Court will instruct the jury to consider evidence of the handcuff key incident only with regard to the Defendant's intent. *Johnson*, 27 F.3d at 1193 (holding that when 404(b) evidence is admitted, the court must give a limiting instruction that "clearly, simply, and correctly" explains to the jury "the narrow and limited purpose for which the evidence may be considered"). The Court will also instruct the jury on the elements of 18 U.S.C. § 111(a)(1), so that it will not be confused about whether the Defendant is accused of escape.

Accordingly, the Court finds that evidence of the handcuff key incident is admissible at trial. The Defendant's Motion in Limine [**Doc. 26**] to exclude this evidence is **DENIED**.

## II.

The trial procedures to be followed in this case are as follows:

(a) **Jury Selection**. The Court will conduct a preliminary voir dire examination of the jury, and then counsel will be permitted to conduct voir dire examination. The Court reserves the right to interrupt counsel and conduct voir dire on its own if counsel ask improper questions or if the proceedings are unnecessarily prolonged.

(b) **Peremptory Challenges**. Under Fed. R. Crim. P. 24(b)(3), each party is entitled to three peremptory challenges.

(c) **Novel Legal Issues for the Court**. The parties did not identify any novel or unusual legal issues as of the time of the pretrial conference. The Court reminded the parties that the jury will render a verdict only as to Count One of the Information [Doc. 1], and the Court will rule on all petty offenses, which include Count Two of the Information as well as the five violation notices.

(d) **Novel Evidentiary Issues for the Court**. The parties did not identify any novel or unusual evidentiary problems as of the time of the pretrial conference.

(e) **Special Requests for Jury Instructions**. Special requests for instructions to the jury were due on September 14, 2018. The Government filed one special request [Doc. 29], and the Defendant filed two special requests [Docs. 31 & 32]. The Court heard the parties' arguments on these proposed instructions at the pretrial conference. The Government will submit

a proposed jury instruction regarding the defense of self-defense on or before **September 19, 2018**. The Court will hold a charge conference on **Friday, September 21, at 1:30 p.m.**, to discuss the proposed jury charge further.

(f) **Additional Motions**. The deadline for filing motions *in limine* expired on September 10, 2018. No more motions will be allowed to be filed in this cause of action by either side without prior leave of Court.

(g) **Admissions and Stipulations**. Counsel should meet in advance of trial and carefully review the trial exhibits with a view toward stipulating the admissibility of as many exhibits as possible. Counsel notified the Court that they intend to file stipulations to the type and amount of controlled substances involved in this case and to the admissibility of the video recordings that will be used in evidence. Any admissions and stipulations of fact to be used at trial shall be signed by Defendant's attorney and the Defendant and filed at least five (5) working days before trial.

(h) **Courtroom Decorum**. Counsel are encouraged to familiarize themselves with Local Rule 83.3 and ensure that their clients are familiar with the contents of this rule.

(i) **Jury List**. The Clerk may provide counsel with a jury list containing names and personal information concerning prospective petit jurors (hereafter "the jury list"). Counsel and any other person provided with the jury list may not share the jury list or information therein except as necessary for purposes of jury selection. Following jury selection, counsel and any other person provided the jury list must return to the clerk the jury list and any copies made from the jury list or destroy them.

(j) **Contact with Jurors**. Unless permitted by the Court, no attorney, representative of an attorney, party or representative of a party, may interview, communicate with,

or otherwise contact any juror or prospective juror before, during, or after the trial. Permission of the Court must be sought by an application made orally in open court or upon written motion stating the grounds and the purpose of the contact. If permission is granted, the scope of the contact and any limitations upon the contact will be prescribed by the Court prior to the contact.

### III.

This case will be set for trial before the undersigned and a jury, to commence at **9:00 a.m., on September 24, 2018**. If counsel have any objections to this Pretrial Order, such objection should be taken up pursuant to Local Rule 72.4(b), EDTN.

**IT IS SO ORDERED.**

ENTER:

Bruce Guyton
United States Magistrate Judge